UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

September 3, 2021

LETTER TO COUNSEL:

    RE:   *James W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*[1]
             Civil No. TJS-20-1364

Dear Counsel:

    On June 2, 2020, Plaintiff James W. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 19 & 20. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    James W. filed his applications for disability benefits on January 14, 2014. He alleged a disability onset date of February 6, 2012. His applications were denied initially and upon reconsideration. He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") on November 1, 2016. In a written decision dated January 4, 2017, the ALJ found that James W. was not disabled under the Social Security Act. James W. appealed that decision to this Court and the Court remanded the case for further proceedings based on the Commissioner's consent motion for remand. *See James W. v. Berryhill*, No. SAG-18-867 (D. Md.). On February 26, 2020, James W. appeared for another hearing before an ALJ. In a written decision dated April 1, 2020, the ALJ found that James W. was not disabled under the Social Security Act. Tr. 594-608. James W. now seeks review of the ALJ's decision.

    The ALJ evaluated James W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that James W. has

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security and is automatically substituted as a party under Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] This case was originally assigned to Judge Deborah L. Boardman. On April 26, 2021, it was reassigned to me.

not engaged in substantial gainful activity since February 6, 2012. Tr. 596. At step two, the ALJ found that James W. suffers from the following severe impairments: degenerative disc disease of the lumbar spine with radicular symptoms; degenerative disc disease of the cervical spine; anxiety disorder; and affective disorder. Tr. 597. At step three, the ALJ found that James W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 598-600. The ALJ determined that James W. retains the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: He can lift, carry, push, or pull up to twenty pounds occasionally and ten pounds frequently. He can sit for six hours of an eight-hour workday and can stand or walk for six hours of an eight-hour workday with the option to change positions, as needed, up to two times per hour for up to ten minutes each time, while remaining on task. He can occasionally climb ramps or stairs but cannot climb ladders, ropes, or scaffolds. He can frequently balance and can occasionally stoop, kneel, or crouch, but he cannot crawl. He can engage in occasional overhead reaching bilaterally. He should avoid concentrated exposure to extreme cold, humidity, wetness, and vibration, and he should avoid all hazards. He can maintain concentration, persistence, and pace in two-hour increments for simple routine tasks, and time off task can be accommodated by regular lunch and breaks. He should avoid work that requires a high volume production rate pace with hourly quotas such as might be required in assembly line work.

Tr. 601.

At step four, the ALJ determined that James W. cannot perform any past relevant work. Tr. 606-07. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that James W. can perform, including router, clerical assistant, and classifier of laundry. Tr. 607. Thus, the ALJ found that James W. was not disabled under the Social Security Act. Tr. 608.

James W. raises two arguments in this appeal. First, he argues that the ALJ failed to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles, as required by SSR 00-04p and *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). Second, he argues that the ALJ failed to properly evaluate his impairments at step three and mistakenly concluded that he did not meet or equal Listing 1.04A.

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles. I will remand the case for further proceedings under *Pearson*, 810 F.3d 204. I decline to address James W.'s argument about Listing 1.04A and express no opinion on the ultimate merits of James W.'s disability claim.

In *Pearson*, the Fourth Circuit explained that an ALJ presiding over a Social Security disability application will rely "primarily" on the Dictionary of Occupational Titles. 810 F.3d at 207. If an ALJ also relies on testimony from a VE, the ALJ must inquire whether the VE's

testimony conflicts with the Dictionary of Occupational Titles, elicit a reasonable explanation from the VE on any conflict, and resolve any apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles. *Id.* at 207-08. An expert's testimony that apparently conflicts with the Dictionary of Occupational Titles "can only provide substantial evidence if the ALJ has received [an] explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary." *Id.* at 209-10. In *Pearson*, the ALJ found that the claimant could only reach upward with his nondominant arm occasionally. *Id.* at 210. Relying on testimony from a VE, the ALJ also found that the claimant could perform three occupations that the Dictionary of Occupational Titles defined to include "*frequent* reaching as a requirement." *Id.* Noting the apparent conflict between the VE's testimony (which only required the claimant to reach upward with his non-dominant arm occasionally) and the Dictionary of Occupational Titles (which defined the jobs to include frequent reaching), the Fourth Circuit remanded the case because the ALJ failed to elicit an explanation from the VE as to this apparent conflict and because the ALJ failed to resolve whether such explanation was reasonable.

In this case, the ALJ found that James W. could "engage in occasional overhead reaching bilaterally." Tr. 601. The VE testified that an individual with James W.'s RFC could perform the job requirements of router, clerical assistant, and classifier of laundry. Tr. 607. But according to the Dictionary of Occupational Titles, each of these jobs requires a worker to reach on a frequent basis. *See* ECF No. 19-2 at 14. There is an apparent conflict between the VE's testimony that a person with James W.'s RFC (restricted to *occasional* overhead reaching bilaterally) can perform jobs that require frequent reaching in any direction (presumably including *frequent* overhead reaching).

During the hearing, the ALJ asked the VE whether their testimony was consistent with the Dictionary of Occupational Titles. The VE responded that "the DOT does not address overhead reaching. It just addresses reaching. That part of my testimony comes from my professional experience as a rehab counselor and researcher." Tr. 645. The ALJ did not determine whether this explanation was a reasonable explanation sufficient to resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles.

This Court's function is to review the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ employed the proper legal standards. Because the ALJ did not resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles, the Court cannot find that the ALJ's decision (which relies on the VE's testimony) is supported by substantial evidence.

For these reasons, both parties' motions for summary judgment (ECF Nos. 19 & 20) are **DENIED**. Under sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge